# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Blair Markeith Adams, | ) |
| | ) Civil Action No.: 8:18-cv-01364-JMC |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| Warden of Tyger River | ) |
| Correctional Institution, | ) |
| | ) |
| Respondent. | ) |

This matter is before the court upon review of Magistrate Judge Jacquelyn D. Austin's Report and Recommendation ("Report") (ECF No. 8), filed on June 8, 2018, recommending that Petitioner Blair Markeith Adams' habeus corpus petition be dismissed, without prejudice, and without requiring Respondent, the warden of Tyger River Correctional Institutional, to file an answer or return pursuant to 28 U.S.C. § 2244(b)(3)(A).

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Diamond v. Colonial Life and Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The parties were advised of their right to file objections to the Report. (ECF No. 8.) Neither party filed objections to the Report.

1

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law and does not contain clear error. Pursuant to 28 U.S.C. § 2244(b)(3)(A), Petitioner failed to receive authorization from the United States Court of Appeals for the Fourth Circuit before filing this petition with the court. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 8), and **DISMISSES**, without prejudice, Petitioner's habeus corpus petition pursuant to 28 U.S.C. § 2244(b)(3)(A).

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable judges would find this court's assessment of his constitutional claim is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debateable. *See, e.g., Miller-El v.*

*Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 3, 2018
Columbia, South Carolina